UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61685-WJZ

LUCIA POWELL and JOSEPHINE LLAMAS,

        Plaintiffs,

vs.

SCIBERRAS INTERNAL MEDICINE, INC.,
a Florida corporation, and ANDREA
SCIBERRAS, individually,

        Defendants.
_____/

## MOTION TO APPROVE
## SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiffs, LUCIA POWELL and JOSEPHINE LLAMAS ("Plaintiffs"), by and through counsel, hereby files this Motion to the Court for Approval of the parties' Settlement of this matter, and dismissal with prejudice. Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA") and therefore must be approved by the Court.

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353. In

discussing the approval of FLSA settlements the Eleventh Circuit has noted

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

In the case at bar, Plaintiffs sought overtime from the Defendants. As set forth in the Statement of Claim filed by the Plaintiffs, Plaintiff POWELL was seeking $6,006.00 in overtime compensation and Plaintiff, LLAMAS was seeking $3,465.00. Defendants disputed any liability towards the Plaintiffs, as well as the amount of damages sought. Through discussions, the parties have reached a settlement in the amount of $15,000.00 that both parties agree is a fair and reasonable compromise of Plaintiffs and Defendants, including the amount of overtime wages to Plaintiff, POWELL ($6,000.00), to Plaintiff, LLAMAS ($3,000.00) and the amount of attorneys' fees and costs ($6,000.00). A copy of the executed settlement agreement is attached as Exhibit A.

## **CONCLUSION**

WHEREFORE, Plaintiffs, LUCIA POWELL and JOSEPHINE LLAMAS respectfully request that this Court grant the instant motion and enter an Order approving the settlement and dismissing this action with prejudice as to all claims Plaintiffs may have against Defendants, with each party to bear their own attorneys' fees and costs, except as specified in the parties' settlement.

Dated: December 8, 2015.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida  33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiffs*

*s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Chad E. Levy*
Chad E. Levy

## SERVICE LIST

Adi Amit, Esquire
Lubell Rosen
Museum Plaza
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
Telephone:    (954) 880-9500
Facismile:    (954) 755-2993
Email: adi@LubellRosen.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-61685-WJZ

LUCIA POWELL and JOSEPHINE LLAMAS,

    Plaintiffs,

vs.

SCIBERRAS INTERNAL MEDICINE, INC.,
a Florida corporation, and ANDREA
SCIBERRAS, individually,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court upon the Unopposed Motion to Approve Settlement and Dismiss With Prejudice, filed herein by the Plaintiffs. The Court has carefully reviewed said Stipulation and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Unopposed Motion to Approve Settlement and Dismiss With Prejudice filed herein is hereby approved, adopted and ratified by the Court;

2. The above-styled cause be and the same is hereby **DISMISSED** with prejudice;

3. The Court hereby retains jurisdiction of the above-styled cause solely for purposes of enforcing the settlement agreement; and

4. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at _____, Florida, this \_\_\_ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

**Copies furnished**:
All Counsel of Record